IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN DANIEL COOKS, ID # 490807,    )  <br>            Plaintiff,                              )  <br> vs.                                                    )  <br>                                                          )  <br> BILL HILL, et al.,                               )  <br>            Defendants.                         ) | No. 3:05-CV-1286-D |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983 against Bill Hill, District Attorney of Dallas County; J.R. Cook, plaintiff's former defense attorney; and Judge Henry M. Wade, Jr. (Compl. at 2-3.)[1] In his complaint and answers to a Magistrate Judge's Questionnaire (MJQ),[2] plaintiff contends that defendant Hill denied him due process by filing an illegal indictment against him to enhance his sentence beyond the maximum punishment range of two years. (*Id.* at 3-4; MJQ at 1.) He contends that defendant Cook denied him due process by allowing his conviction and rendering ineffective assistance during his criminal proceedings. (Compl. at 3-4; MJQ at 2.) Finally, plaintiff contends that defendant Wade

---

[1] The Court utilizes the page numbers at the bottom of each page although the first page of the amended complaint indicates that it is page two.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

imposed an illegal sentence. (Compl. at 3-4; MJQ at 3.)  Plaintiff seeks monetary damages in this action. (Compl. at 4.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against a district attorney, his former defense attorney, and a state judge for acts and omissions made during his state criminal pro-

ceedings. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A.** *Heck* **Bar**

In this case, the crux of plaintiff's complaint is that he was unlawfully sentenced due to an invalid indictment and ineffective assistance of counsel. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87.

Were the Court to grant monetary relief on plaintiff's claims, such ruling would necessarily implicate the validity of his sentence. Consequently, *Heck* requires plaintiff to demonstrate that his sentence has been reversed, invalidated, or expunged prior to bringing an action under 42 U.S.C. § 1983. From the documents filed in this case, it appears that plaintiff remains incarcerated pursuant to the sentence imposed in the criminal action that forms the crux of this case. Nothing in his complaint or the answers to the Magistrate Judge's Questionnaire, furthermore, indicates that his conviction has been successfully overturned, reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court in a habeas proceeding. Until plaintiff receives a ruling declaring his sentence invalid, no action will accrue under § 1983 for

3

claims that, if successful, would necessarily implicate the validity of that sentence. *Heck*, 512 U.S. at 486-87. Because *Heck* bars plaintiff's claims, his § 1983 complaint has no basis in law and should be dismissed as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (holding that "[a] §1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

Nevertheless, although *Heck* provides a means to dismiss this § 1983 action in its entirety, the Court need not rely upon *Heck* when the case before it presents issues that are appropriate for early and final determination. For instance, when an action raises an issue of immunity, the Court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). In addition, "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues." *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting findings and recommendation of United States magistrate judge).

**B. <u>Judicial Immunity</u>**

Plaintiff seeks monetary damages from a state judge for his part in sentencing plaintiff. However, the United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S.

4

349, 356-357 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Furthermore, allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Plaintiff makes no allegation that Judge Wade acted outside the scope of his judicial duties. He makes no allegation suggesting that the judge acted without jurisdiction. Consequently, Judge Wade is absolutely immune to the claims asserted against him, and the Court should dismiss the claims.

## C. Prosecutorial Immunity

Plaintiff also seeks monetary damages from the Dallas District Attorney for acts related to plaintiff's prosecution and sentencing. Prosecutors, however, enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff has made no allegation that defendant Hill acted other than in his adjudicative role as prosecutor. Consequently, defendant Hill is absolutely immune to the claims asserted against him, and the Court should dismiss such claims.

## D. Defense Attorney as a Proper Party

Plaintiff further alleges that his former defense attorney rendered ineffective assistance and thus caused him to be sentenced for a period of incarceration in excess of the statutory maximum sentence. It is well established, however, that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even

court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law). Nevertheless, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983:

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

Attorneys do not perform a function that is traditionally the exclusive province of the state. In addition, there is no nexus between the State and the actions of plaintiff's former attorney such that the attorney's actions are fairly attributable to the State. Further, plaintiff has alleged no agreement between his former attorney and any state actor to commit an illegal act. Without an allegation of some agreement between his former attorney and a state actor, plaintiff has failed to state a viable claim under § 1983 against defendant Cook, and his claims against him should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure of plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 2nd day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE